LUBIN & ENOCH, P.C.
Nicholas J. Enoch, State Bar No. 016473
Bruce C. Jackson, State Bar No. 034634
Clara S. Acosta, State Bar No. 036044
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nick@lubinandenoch.com
        bruce@lubinandenoch.com
        clara@lubinandenoch.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James T. Sizemore,<br><br>                Plaintiff,<br><br>v.<br><br>Maricopa County Community College District; Mesa Community College,<br>             Defendants. | Case No.<br><br>**COMPLAINT**<br><br>**(JURY DEMAND)** |

     **NOW COMES** Plaintiff, James. T. Sizemore ("Sizemore" or "Plaintiff"), by and through his attorneys, Lubin & Enoch, P.C., complaining against Defendants, Maricopa County Community College District ("MCCCD") and Mesa Community College ("MCC"), collectively Defendants, and in support thereof states as follows:

1

1.   This action arises under the Americans with Disabilities Act, 42 USC §12101 et seq., and the Rehabilitation Act of 1973, 29 USC §701 et seq., in particular Section 504, 29 USC §794.

## PARTIES, JURISDICTION, AND VENUE

2.   Plaintiff is, and was at all material times, a resident of Maricopa County, Arizona.

3.   At all times pertinent hereto, Plaintiff was, and remains, an employee of the Maricopa County Community College District ("MCCCD") and Mesa Community College ("MCC") in the position of Residential Faculty professor.

4.   Defendant MCCCD is a community college district consisting of ten (10) community colleges in the Phoenix, Arizona metropolitan area. Defendant MCCCD maintains its headquarters in Tempe, Maricopa County, Arizona.

5.   Defendant MCC is a community college within the MCCCD. Defendant MCC is located in Mesa, Maricopa County, Arizona.

6.   At all material times, Plaintiff was employed by MCCCD and MCC as a Residential Faculty professor teaching Electrical Engineering at MCC.

7.   Both MCCCD and MCC are an "employer" as that term is defined by the Americans with Disabilities Act, and the Rehabilitation Act of 1973.

8.   The parties to this action reside in and regularly do business within the jurisdiction of this Court. This Court has jurisdiction pursuant to 28 USC §1331. Venue is proper pursuant to 28 USC §1391(b)(1) and (2).

9.   On or about November 11, 2020, Plaintiff timely filed a Charge of disability discrimination ("Charge") with the Phoenix District Office of the Equal Employment Opportunity Commission ("EEOC") against both MCCCD and MCC. Said

Charge was dually filed with the Arizona Civil Rights Agency. The EEOC issued a Right to Sue letter to Plaintiff on February 11, 2021 for Charge number 540-2021-000526, a copy of which is attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

10. At all times referenced herein Plaintiff has been a qualified individual with a disability substantially affecting one or more of Plaintiff's major life activities. Specifically Plaintiff suffers from Post Traumatic Stress Disorder and Anxiety disorder.

11. Plaintiff is employed as a Residential Faculty professor at MCC. Residential Faculty serve a probationary period of five (5) years before obtaining appointment status (tenure).

12. The probationary period requires that Residential Faculty professors undergo an annual review by a Peer Assistance Review Committee ("PARC"). The PARC makes recommendations concerning the continued employment of the Residential Faculty members. Those recommendations include: (a) renew; (b) renew with concerns; or (c) not renew.

13. Following his first year Plaintiff received a recommendation of "renew" with no concerns expressed by the PARC. However, following his second and third year Plaintiff received a recommendation of "renew with concerns." The PARC recommendation provided Plaintiff with no clear indications on how to improve his performance for the coming year.

14. In October 2019, Plaintiff requested that Defendants make reasonable accommodations for Plaintiff's disabilities in order for Plaintiff to perform the essential functions of his employment. Among those requested accommodations were: (1) being allowed to take sick leave as Plaintiff's mental health required; (2) that an advocate be

3

present at the PARC meetings; (3) receipt of clear feedback from the PARC regarding Plaintiff's job performance; (4) provision of an administrative assistant; and (5) provision of informal but clear feedback throughout the school year to identify and address areas for improvement on an ongoing basis.

15. On or about November 1, 2019, Plaintiff provided Defendants with documentary evidence of his disabilities including a medical questionnaire completed by Plaintiff's treating physician stating that Plaintiff has a permanent disability and explaining necessary accommodations required for Plaintiff to perform the essential functions of his employment with Defendants.

16. On or about November 1, 2019 Defendants acknowledged receipt of Plaintiff's request for reasonable accommodation. Thereafter Defendants recognized Plaintiff as an employee with a disability substantially affecting one or more of Plaintiff's major life activities.

17. On January 28, 2020 despite recognizing Plaintiff as an employee with a disability substantially limiting one or more of Plaintiff's major life activities, and despite the medical information provided by Plaintiff's treating physician, Defendants denied Plaintiff's requested accommodations #2 and #5 and refused to advise the PARC of Plaintiff's requested accommodations.

18. As a direct and proximate result of Defendants' refusal to provide the reasonable accommodations requested by Plaintiff, on or about May 8, 2020 the PARC recommended that Plaintiff's employment be "renewed with concerns" for the following year.

///

///

# CLAIM FOR RELIEF

## COUNT I
### (Violation of the Americans With Disabilities Act)

19.   Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 18 of this Complaint.

20.   Plaintiff is a qualified individual within the meaning of 42 USC §12111(8) in that he has Post Traumatic Stress Disorder and Anxiety, Defendants perceive him to have a disability, he has the requisite education and training to perform and can perform the essential functions of a Residential Faculty professor.

21.   Defendants are each an "employer" within the meaning of 42 USC §12111(5) in that each is engaged in an industry affecting commerce and have more than 15 employees for each working day in each of 20 or more calendar weeks in the current and preceding years. Thus, each Defendant is also a covered entity within the meaning of 42 USC §12111(5).

22.   Plaintiff is an employee of Defendants within the meaning of 42 USC §12111(4).

23.    At all times referenced herein, Plaintiff was qualified for employment as a Residential Faculty professor.

24.   On or about January 28, 2020, due to Plaintiff's actual or perceived disability, Defendants denied and refused to provide reasonable accommodations requested by Plaintiff, specifically with regard to allowing Plaintiff to have an advocate before the PARC and by refusing to provide ongoing performance evaluations and guidance throughout the school year.

25.   Plaintiff has been damaged by Defendants' refusal to provide reasonable accommodations requested by Plaintiff in that such refusals resulted in Plaintiff receiving

5

a "renew with concerns" recommendation from the PARC and has suffered loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

26.   Plaintiff is entitled to his attorneys' fees and costs incurred in this matter pursuant to 42 USC §12205.

27.   Plaintiff is further entitled to any and all relief permitted under the ADA, 42 USC §12117(a), including equitable relief.

## <u>COUNT II</u>
### (Violation of the Rehabilitation Act of 1973)

28.   Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 27 of this Complaint.

29.   MCCCD and MCC are entities that receive federal financial assistance and are covered entities for purposes of Section 504 of the Rehabilitation Act. As such MCCCD and MCC are prohibited from discriminating against any "qualified individual with a disability."

30.   Plaintiff is, and was at all times pertinent hereto, a qualified individual with a disability.  Specifically, Plaintiff was qualified to perform the essential functions of a Residential Faculty professor, with or without a reasonable accommodation.

31.   Plaintiff's particular disability is Post Traumatic Stress Disorder and Anxiety, which substantially limit one or more of his major life activities and/or major bodily functions.

32.   Defendants violated section 504 of the Rehabilitation Act, 29 USC §794, by failing and refusing to provide reasonable accommodations as requested by Plaintiff because of his actual disability, his perceived disability, or his record of impairment.

6

33.   As a result of Defendants' actions, Plaintiff has suffered damages, including but not limited to the loss of past and future wages and benefits, loss of professional opportunities, emotional distress, and mental pain and anguish.

34.   Plaintiff is entitled to his attorneys' fees and costs incurred in this matter pursuant to 29 USC Section §794a.

35.   Plaintiff is further entitled to any and all relief permitted under the Rehabilitation Act of 1973, 29 USC §701 et seq., including equitable relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**,  Plaintiff prays for damages in an amount to be determined at trial, together with interest, costs of suit, attorneys' fees, and all such other relief as the court deems just and proper.

Furthermore, Plaintiff specifically prays that Defendants be enjoined from failing or refusing to provide necessary and reasonable accommodations; and to take other appropriate nondiscriminatory measures to overcome the effects of the discrimination against Plaintiff.

DATED this 11th day of May 2021.


LUBIN & ENOCH, P.C.

/s/ Nicholas J. Enoch
Nicholas J. Enoch, Esq.
Attorney for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th day of May 2021, I electronically transmitted the attached Notice to the Clerk's Office using the ECF System for filing.


/s/ Shana Battles